UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MELISSA MEINHEIT
1719 East Francis Street
Appleton, Wisconsin 54911

  Plaintiff,

  v.              Case No.: 17-cv-293

JACS APPLETON ONE, INC.  **JURY TRIAL DEMANDED**
d/b/a MEINEKE CAR CARE CENTER
413 Rivera Street
Oregon, Wisconsin 53575

  and

JOE SAELENS
6160 Sun Valley Parkway
Oregon, Wisconsin 53575

  and

CARL SAELENS
6160 Sun Valley Parkway
Oregon, Wisconsin 53575

  Defendants.

## COMPLAINT

COMES NOW Plaintiff, Melissa Meinheit, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin and therefore venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff, Melissa Meinheit, is an adult female resident of the State of Wisconsin residing in Outagamie County with a post office address of 1719 East Francis Street, Appleton, Wisconsin 54911.

5. Defendant, JACS Appleton One, Inc. d/b/a Meineke Car Care Center (hereinafter "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 413 Rivera Street, Oregon, Wisconsin 53575.

6. Defendant Company is an automotive repair center.

7. Defendant Company does not buy, sell, and/or lease automobiles.

8. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant Company was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Ms. Meinheit was "employed" by and/or an "employee" of Defendant Company as these terms are defined under the FLSA and the WWPCL.

13. Defendant, Joe Saelens, was, at all material times herein, an individual residing in the State of Wisconsin with a business address of 6160 Sun Valley Parkway, Oregon, Wisconsin 53575.

14. Defendant, Carl Saelens, was, at all material times herein, an individual residing in the State of Wisconsin with a business address of 6160 Sun Valley Parkway, Oregon, Wisconsin 53575.

15. Defendant Company is owned, operated, and managed by Defendant Joe Saelens and Defendant Carl Saelens.

16. During the relevant time periods as stated herein, Defendant Joe Saelens was an "employer" as that term is defined under the FLSA and/or the WWPCL.

17. During the relevant time periods as stated herein, Defendant Carl Saelens was an "employer" as that term is defined under the FLSA and/or the WWPCL.

## GENERAL ALLEGATIONS

18. In approximately March 2014, Defendant Company hired Ms. Meinheit as a Secretary / Receptionist.

19. During the entirety of Ms. Meinheit's employment with Defendant Company, she performed compensable work at its Appleton, Wisconsin location, located at 1719 East Francis Street, Appleton, Wisconsin 54911.

20. From approximately March 2014 to January 20, 2016, Ms. Meinheit performed compensable work as a Secretary / Receptionist and was compensated on an hourly basis.

21. On or about January 31, 2016, Defendant Company promoted Ms. Meinheit to the position of Service Manager.

22. From approximately January 31, 2016 to July 30, 2016, Ms. Meinheit performed compensable work for Defendant Company in the position of Service Manager.

23. From approximately January 31, 2016 to July 30, 2016, Ms. Meinheit performed compensable work for Defendant Company in the position of Service Manager at the direction of Defendants and/or with Defendants' knowledge.

24. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she reported directly to Edward Schmidt, Store Manager, who reported directly to Defendant Joe Saelens and Defendant Carl Saelens.

25. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she performed the following duties: completing paperwork, including repair orders and estimates; communicating with customers; and serving as an intermediary between Defendant Company's employees and management.

26. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants compensated her on a salary basis.

27. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants compensated her with a weekly salary of $450.00.

28. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants compensated her on a bi-weekly basis via paycheck.

29. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens established and/or approved her compensation status and levels or rates of pay.

30. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens established and/or approved for Ms. Meinheit to be compensated on a salary basis of $450.00 per workweek.

31. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens directed the terms and conditions of her employment.

32. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens established the work rules, policies, and procedures by which she abided by in the workplace.

33. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens established her work schedule and directed her to perform compensable duties on dates and times as determined and established by them.

34. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens had the ability and authority to hire, terminate, promote, demote, and suspend her.

35. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens had the ability and authority to review her work performance.

36. At times during Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens supervised and/or directed her day-to-day- activities.

37. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendant Joe Saelens and Defendant Carl Saelens acted in in the interest of Defendant Company vis-à-vis her employment and hours of work at it.

38. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants tracked and recorded her hours of work via ADP, a timekeeping software program.

39. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she tracked and recorded her hours of work by using her employee identification number to "clock in" and "clock out" on the ADP software program on Defendant Company's computer system.

40. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she consistently worked in excess of forty (40) hours per week.

41. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately January 2016 and March 2016, she worked approximately fifty-four (54) hours per week performing the duties of her Service Manager position.

42. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately January 2016 and March 2016, her actual days and hours of work were, respectively: Mondays to Fridays, approximately 9:00 a.m. to 6:00 p.m.; and Saturdays, approximately 7:15 a.m. to 4:15 p.m.

43. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately April 2016 and July 2016, she worked approximately sixty-four (64) hours per week performing the duties of her Service Manager position.

44. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately April 2016 and July 2016, her actual days and hours of work were, respectively: Mondays to Fridays, approximately 7:15 a.m. to 6:15 p.m.; and Saturdays, approximately 7:15 a.m. to 4:15 p.m.

45. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately January 31, 2016 to July 30, 2016, she rarely, if ever, took a duty free lunch break and/or had a duty free rest period of at least thirty (30) consecutive minutes.

46. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately January 31, 2016 to July 30, 2016, Defendant Joe Saelens and Defendant Carl Saelens frequently and manually altered her "clock in" and "clock out" times on the ADP software program on Defendant Company's computer system to note that she had taken a thirty (30) minute "unpaid" lunch break when, in reality, she had not taken a duty-free lunch break.

47. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager and from approximately January 31, 2016 to July 30, 2016, there were numerous workweeks – particularly from approximately April 2016 to July 2016 – during which Ms. Meinheit's effective hourly rate was not at least $7.25 per hour.

48. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she attended mandatory Manager's meetings in Madison, Wisconsin at the direction of Defendant Joe Saelens and Defendant Carl Saelens.

49. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she attended mandatory Managers' meetings in Madison, Wisconsin at the direction of Defendant Joe Saelens and Defendant Carl Saelens a total of approximately three (3) times – and each meeting required approximately one (1) hour of in person attendance and approximately four (4) hours of drive time.

50. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, she was not compensated for attending mandatory Manager's meetings in Madison, Wisconsin at the direction of Defendant Joe Saelens and Defendant Carl Saelens.

51. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants suffered or permitted her to work without appropriately and lawfully compensating her at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants did not compensate her at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

53. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, her paychecks did not properly or lawfully compensate her at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

54. Defendants knew or should have known that Ms. Meinheit must be compensated with overtime pay at a rate of time and one half for each hour worked (and for all hours Defendants suffered or permitted her to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

55. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants suffered or permitted her to work without appropriately and lawfully compensating her at an effective hourly rate of at least $7.25 per hour for each hour worked in a workweek.

56. During Ms. Meinheit's employment with Defendant Company in the position of Service Manager, Defendants did not compensate her at an effective hourly rate of at least $7.25 per hour for each hour worked in said workweeks.

57. Defendants knew or should have known that Ms. Meinheit must be compensated at an effective hourly rate of at least $7.25 per hour for each our worked in accordance with the FLSA and the WWPCL.

58. As the owners, operators, and managers of Defendant Company, Defendant Joe Saelens and Defendant Carl Saelens had a statutory duty to comply with the FLSA.

59. As the owners, operators, and managers of Defendant Company, Defendant Joe Saelens and Defendant Carl Saelens had a statutory duty to remedy FLSA violations of which they were aware and/or of which they should have been aware.

60. As the owners, operators, and managers of Defendant Company, Defendant Joe Saelens and Defendant Carl Saelens were aware that Defendant Company had previously been subject to legal claims relating to unlawful pay practices under the FLSA and/or WWPCL.

61. Defendants owe Ms. Meinheit approximately $2,588.40 in earned and unpaid wages, including at an overtime rate of pay, for work performed during her employment with Defendant Company in the position of Service Manager, plus an equal amount for liquidated damages, totaling approximately $5,176.80.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**

62. Ms. Meinheit re-alleges and incorporates paragraphs 1-61 of this Complaint by reference.

63. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

64. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

65. At all times material herein, Ms. Meinheit was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

66. Defendants violated the FLSA by not compensating Ms. Meinheit with an effective hourly rate of at least $7.25 per hour for each hour worked in a workweek.

67. Defendants violated the FLSA by not compensating Ms. Meinheit with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

68. Defendants intentionally violated 29 U.S.C. § 215(a) by failing to compensate Ms. Meinheit with an effective hourly rate of at least $7.25 per hour and with overtime pay at a rate of time and one half for each hour worked in excess of forty (40) hours in a workweek.

69. Defendants' failure to properly and legally compensate Ms. Meinheit for all compensable work performed was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Ms. Meinheit is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime premium pay wages, Ms. Meinheit is entitled to an award of pre-judgment interest at the applicable legal rate.

70. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Ms. Meinheit by Defendants.

71. Ms. Meinheit is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Ms. Meinheit from asserting his claims against Defendants.

72. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

73. Ms. Meinheit re-alleges and incorporates paragraphs 1-72 of this Complaint by reference.

74. At all times material herein, Ms. Meinheit was an employee of Defendant Company within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

75. At all times material herein, Defendant Company was an employer of Ms. Meinheit within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

76. At all times material herein, Defendant Company employed Ms. Meinheit within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

77. At times during Ms. Meinheit's employment with Defendant Company, Ms. Meinheit was not compensated with an effective hourly rate of at least $7.25 per hour for each hour worked in a workweek.

78. During Ms. Meinheit's employment with Defendant Company, Ms. Meinheit worked hours in excess of forty (40) per workweek for which she was not compensated time and one half.

79. During Ms. Meinheit's employment with Defendant Company and from January 31, 2016 to July 30, 2016, Defendant Company unlawfully deducted and did not compensate Ms. Meinheit for approximately thirty (30) minutes of compensable worktime each workday.

80. At all times material herein, Ms. Meinheit regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at an overtime rate of pay at time and one half.

81. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

82. Defendant Company willfully violated the WWPCL by failing to compensate Ms. Meinheit for all hours of compensable time worked at an effective hourly rate of at least $7.25 per hour and/or at a rate of time and one half for each hour of overtime she worked.

83. As set forth above, Ms. Meinheit sustained losses in her compensation as a proximate result of Defendant Company's violations. Accordingly, Ms. Meinheit seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant Company to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis.

Stat. § 109.11, Ms. Meinheit may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

84. Ms. Meinheit seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant Company, pursuant to the WWPCL.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by reimbursing her for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, for all times spent performing compensable work for which she was not properly paid as provided for by the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to the Plaintiff liquidated damages against Defendants; and

4. Grant to the Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 1st day of March, 2017.

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        ***s/ Scott S. Luzi***
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com